## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| WENDY FITZWATER, on behalf of herself and similarly situated employees, PLAINTIFF, | )<br>)<br>)<br>) |
| Vs. | )    Civil Action No.<br>)<br>)    FLSA Collective Action |
| MIKE COLE SR., SCOTT POWELL, CAINE CONWAY, CASEY TAYLOR, BIG MIKE'S RESTAURANT LLC BIG MIKE'S STEAKHOUSE OB, LLC BIG MIKE'S RESTAURANT II, L.L.C. and BIG MIKE'S RESTAURANT ANDALUSIA LLC | )<br>)<br>)<br>)    Jury Demand<br>)<br>)<br>)<br>) |

## COLLECTIVE ACTION COMPLAINT
## UNDER THE FAIR LABOR STANDARDS ACT

Named Plaintiff Wendy Fitzwater (hereinafter "Named Plaintiff" or "Fitzwater") files this Collective Action Complaint pursuant to 29 U.S.C. 216(b) of the Fair Labor Standards Act (hereinafter "FLSA" or "Act"), on behalf of herself and all other similarly situated employees, against Mike Cole Sr. ("Defendant Cole" or "Cole"), Scott Powell ("Defendant Powell" or "Powell"), Caine Conway ("Defendant Conway" or "Conway"), Casey Taylor ("Defendant Taylor" or "Taylor"), Big Mike's Restaurant LLC, ("Defendant Big Mike's Restaurant"), Big Mike's Steakhouse OB, LLC ("Defendant Big Mike's Orange Beach"), Big Mike's Restaurant II L.L.C. ("Defendant Big Mike's II"), and Big Mike's Restaurant Andalusia LLC, ("Defendant Big Mike's Andalusia"), doing business as Big Mike's Steakhouse (hereinafter collectively "Defendants") to enforce the liability owed under the Act.

### I.    JURISDICTION AND PARTIES

1

1. Named Plaintiff brings this action, on behalf of herself and all other similarly situated employees of Defendants, pursuant to the FLSA's collective action provision found at §216(b).

2. Named Plaintiff seeks to recover unpaid (or underpaid) minimum and overtime wages, tips not retained, and an equal amount of liquidated damages, costs, attorneys' fees, and seeks all other legal or equitable relief to which she and other similar situated employees who join this action are entitled pursuant to the FLSA.

3. Pursuant to 29 U.S.C. §216(b) Named Plaintiff submits in writing her consent to become a party plaintiff to this action on behalf of her individual claims and on behalf of Defendants similarly situated employees. [**Exhibit A – Consent to Sue Wendy Fitzwater**].

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Southern District of Alabama, pursuant to 28 U.S.C. §1391(b).

5. Each of the Defendants are subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit given their integrated enterprise and joint employer relationship including three restaurant locations operating in (1) Orange Beach, Alabama; (2) Thomasville, Alabama; and (3) Andalusia.

6. At all times material to this action, Defendants operated through unified operation and common control as an enterprise for a common business purpose, including all activities performed by corporate organizational units as defined by 29 U.S.C. §203(r) of the FLSA.

7. At all times material to this action, Defendants operated as an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s)(1) of the FLSA and have an annual gross volume of sales which greatly exceeds $500,000.

8. At all times material to this action, Defendants each were and are an employer as defined by 29 U.S.C. §203(d) of the FLSA of the Named Plaintiff and all other similarly situated employees who worked at any Defendants' restaurants.

9. At all times material to this action, Named Plaintiff and all other similarly situated employees who worked at a Big Mike's Steakhouse restaurant location were an employee as defined by 29 U.S.C. §203(e) of the FLSA.

10. At all times material to this action, Defendants employed Named Plaintiff and all other similarly situated employees, including suffering and permitting to work as defined by 29 U.S.C. § 203(g),

## II.  FACTS

11. Big Mike's Steakhouse is owned and operated by Mike Cole Sr. ("Cole"), Scott Powell ("Powell"), and Caine Conway ("Conway"):

12. Cole is:

   a. the Organizer for Big Mike's Restaurant II, LLC [**Exhibit B**]

   b. an Organizer for Big Mike's Steakhouse OB, LLC [**Exhibit C**]

   c. the Registered Agent for Big Mike's Restaurant, LLC

13. Powell is:

   a. the Registered Agent for Big Mike's Restaurant II, LLC [**Exhibit B**]

   b. the Registered Agent and Organizer for Big Mike's Steakhouse OB, LLC [**Exhibit C**]

14. Conway is:

   a. an Organizer for Big Mike's Restaurant II, LLC [**Exhibit B**]

   b. an Organizer for Big Mike's Steakhouse OB, LLC [**Exhibit C**]

15.  Casey Shawn Taylor ("Taylor") is listed as an Organizer for Big Mike's Steak House OB, LLC. [**Exhibit C**].

16.  Defendant Cole exercised control of the day to day operations and employee supervision over Defendants' restaurant locations on a rotational basis.

17.  Defendant Powell exercised control of the day to day operations and employee supervision over Defendant's restaurant locations on a rotational basis.

18.  Defendant Conway exercised control of the day to day operations and employee supervision of Defendants' restaurant locations on a rotational basis.

19.  Defendant Shawn Taylor exercised control on the day to day operations and employee supervision of Defendants' restaurant locations on a rotational basis.

20.  Defendants Cole, Powell, and Conway work in the restaurants most days. [**Exhibit D – Website "Our Story"**].

21.  Defendants maintain a Big Mike's Steak House website (hereinafter "The Website") listing restaurant locations in (1) Thomasville, Alabama; (2) Andalusia, Alabama; (3) Orange Beach, Alabama.

22.  The Website's "About Us" page states that Cole, Powell, and Conway started the enterprise in Thomasville, Alabama.

23.  Defendants' provide training at their corporate location in Thomasville, Alabama for all General Manger, Kitchen Manager, and Front of House Manager positions.

24.  Named Plaintiff was hired in July of 2017 and began working as a server.

25.  Named Plaintiff was an employee at Defendants' Orange Beach restaurant location until February 2018.

26.  Defendants paid Named Plaintiff an hourly rate of $1.00 per hour.

27.    Named Plaintiff was paid on a weekly basis, and the paystub for the check December 6, 2017, shows Defendants paid her a total direct wage of $49.06 for 49.06 hours. [**Exhibit E**].

28.    Defendants' pay practice, policy, and procedure violates the Fair Labor Standards Act minimum wage provision in 29 U.S.C. §206.

29.    Defendants paid Named Plaintiff an hourly rate of $1.00 per hour for all recorded hours, including all hours recorded in excess of forty (40) hours in a week.

30.    Defendants' pay practices, policies, and procedures violate the Fair Labor Standards Act overtime compensation provision in 29 U.S.C. §207.

31.    Defendants did not record all hours worked and did not pay Plaintiff and similarly situated employees for unrecorded hours.

32.    Named Plaintiff worked as a server, an occupation that could qualify as a tipped pursuant to 29 U.S.C. §203(t) of the FLSA.

33.    Defendants paid a cash wage less than the cash wage required to be paid pursuant to 29 U.S.C. §203(m) of the FLSA, known as the "tip credit" provision.

34.    Named Plaintiff, and all other similarly situated employees employed by Defendants, were individually engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendants. Their interstate commercial activity included, but was not limited to, serving customers who were traveling in interstate commerce, serving food that originated out of state, and processing credit card transactions that crossed state lines.

35.    Named Plaintiff purchased Big Mike Steakhouse t-shirts.

36.    Defendants required Named Plaintiff, and similarly situated employees, to purchase Big Mike Steakhouse t-shirts.

37. Defendants required Named Plaintiff, and similarly situated employees, to wear Big Mike Steakhouse t-shirts to perform their job.

38. Named Plaintiff purchased an apron for the job.

39. Defendants required Named Plaintiff, and similarly situated employees, to purchase aprons to perform their job.

40. Defendants did not reimburse Named Plaintiff, and similarly situated employees, for the out-of-pocket expense of purchasing the Big Mike t-shirts and aprons.

41. Defendants required Named Plaintiff, and similarly situated employees, to tip out part of their credit card tips to the bartender, who was a manager, and to bussers, even when no bussers were working.

42. Defendants' managers can remove employees from the schedule.

43. Defendants' Management level employees rotate between locations.

44. Named Plaintiff spoke with servers from Defendants' Thomasville location, who confirmed they are paid $1.00 per hour.

45. Named Plaintiff has complained to Conway about being paid $1.00 per hour and about the unlawful tip out. Conway responded to Named Plaintiff's complaint by stating, "That's how we do it."

46. Defendants manager told Named Plaintiff that she was being taken off the schedule for Super Bowl Sunday.

47. Named Plaintiff spoke with a Casey Taylor who confirmed that she was terminated.

48. Defendant Cole manages the kitchen, menu and is also understood to be over all operational decisions directly and indirectly.

49. Named Plaintiff has been directed by Defendant Cole in the performance of her job duties directly and indirectly through Cole's instruction to managerial employees.

50. Defendants Scott and Conway manage the front of house operations of the restaurants and administrative functions of the enterprise.

51. Plaintiff has been directed by Defendant Scott and Conway in the performance of her job duties directly and indirectly through their instruction to managerial employees.

52. Defendants Cole, Scott, and Conway have supervised Plaintiff and she has observed and heard Defendants direct management and hourly employees regarding restaurant operations and their job performance.

53. Defendant Taylor manages the operation of restaurant locations, including hiring and firing of hourly employees.

54. Defendants operate for the common business purpose of establishing a franchise program that will attract potential franchisees by offering consistent and comprehensive restaurant operations, including operational and training for ongoing restaurant management.

55. Named Plaintiff has seen paystubs of other employees in positions other than server. These employees were also paid by $1.00 per hour by Defendants.

56. Defendants failure to reimburse Named Plaintiff, and similarly situated employees, for the out-of-pocket expenses violated the FLSA's anti-kickback and free and clear provision as prescribed in 29 C.F.R. 531.35 as it would cut in to wages required to be paid under the Act.

### III.    FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS

57. Named Plaintiff incorporates all the preceding paragraphs as if restated here.

58. Upon information and belief, Defendants have intentionally failed and/or refused to pay Named Plaintiff and all other similarly situated employees according to the provisions of the FLSA.

59. Defendants' actions in failing to compensate the Named Plaintiff, as well as all those similarly situated, in accordance with the provisions of the FLSA were willful such that a three-year statute of limitations should apply to this action.

60. Defendants' practice of requiring Named Plaintiff, and similarly situated employees to purchase uniforms and tools of the trade and constitute a *de facto* deduction from wages and/or illegal kickbacks in violation of the FLSA.

61. Defendants must pay to its employees the full amount minimum wage for all hours worked up to forty in a week.

62. Defendants must pay their employees the full over-time compensation owed for hours worked over forty in a week.

63. Defendants' policies and practices of shifting their business expenses to Named Plaintiff, and all similarly situated employees, the "Free and Clear" payment and anti-kickback regulations, minimum wage and overtime provisions of the FLSA.

64. Defendants must reimburse the actual costs of the expenses incurred by Plaintiff and other similarly situated employees to comply with the minimum wage provision of the FLSA.

65. Defendants failed to pay Named Plaintiff, and similarly situated employees, for all hours worked, including, without limitation, off the clock work in the restaurants and time spent maintaining uniforms, thereby violating the minimum wage and overtime provisions of the FLSA.

66. Defendants knew or should have known that Named Plaintiff, and similarly situated employees. performed work for which they were not compensated or not properly compensated.

67. Defendants' policies, procedures, practices described herein violate the minimum wage, overtime and tip credit provisions of the FLSA.

68. There are numerous similarly situated employees of Defendants – specifically, all employees Defendants paid a direct wage less than $7.25 per hour at any time since March 16, 2015.

69. Putative class includes employees who have been who have been improperly compensated in violation of the FLSA.

70. The putative class would benefit from the issuance of Court-supervised notice of, and the opportunity to join, this lawsuit.

71. These similarly situated employees are known to Defendants, are readily identifiable and can be located through Defendants' records.

72. Timely notice would benefit putative class and the public interest in ensuring compliance with the FLSA.  Therefore, this Court should approve notice to the putative class.

### IV.    PRAYER FOR RELIEF

WHEREFORE, premises considered, the named, Named Plaintiff, individually, and on behalf of all other similarly situated employees, prays for the following relief:

1. that process issue against Defendants and that the Defendants be required to answer within the time period provided by applicable law;

2. that the Court order that Named Plaintiff may issue notice to all similarly situated persons;

3.      that other similarly situated past or present employees be given the opportunity to join in this lawsuit as party-plaintiffs by filing written consents pursuant to 29 U.S.C. § 216(b);

4.      that Named Plaintiff, and all individuals who file consents, be awarded damages in the amount of their unpaid wages, tips not retained by them, and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), and/or prejudgment interest;

5.      that Defendants be required to pay Plaintiffs' attorneys' fees;

6.      that Defendants be required to pay the costs and expenses of this action;

7.      that Plaintiffs and all others who join this action be granted such other, further and general relief to which they may show themselves entitled; and,

8.      that a jury be impaneled to hear this cause of action at trial.

## VI.    JURY DEMAND

THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

                        Respectfully submitted,

                        **/s/ Daniel E. Arciniegas**
                        Daniel E. Arciniegas
                        Charles P. Yezbak, III*
                        YEZBAK LAW OFFICES
                        2002 Richard Jones Road, Suite B-200
                        Nashville, TN 37215
                        Telephone: 615-250-2000
                        Fax: 615-250-2020
                        dea@yezbaklaw.com
                        yezbak@yezbaklaw.com
                        Counsel for Plaintiff

                        *Pro Hac Vice Motion Incoming