IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WENDY FITZWATER        ) | |
|     Plaintiff,        ) | |
| ) | |
| v.        ) | CIVIL ACTION NO. 18-00137-N |
| ) | |
| MIKE COLE, SR, et al.,        ) | |
|     Defendants.        ) | |

## MEMORANDUM OPINION

This action is before the Court on the "Motion for Expedited Court-Supervised Notice to the Putative Class and for Conditional Certification" (Doc. 31), and separate supporting memorandum brief (Doc. 32), filed by Plaintiff Wendy Fitzwater.  The Defendants have timely filed a response (Doc. 35) in opposition to the motion, and Fitzwater has timely filed a reply (Doc. 36) to the response.  The undersigned heard oral argument regarding the motion at a telephonic scheduling conference with counsel for the parties held November 16, 2018.  The Defendants have supplemented their briefing (*see* Doc. 48) in accordance with the matters discussed at the conference, Fitzwater has filed a response (Doc. 50) to that supplement, and the Defendants have moved to strike the response as untimely (*see* Doc. 51).

Fitzwater's complaint alleges violations of, and proposes to bring a collective action under, the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA").[1]

---

[1] "An employer who violates the FLSA is liable to its employees for both unpaid minimum wages or overtime compensation and for an equal amount in liquidated damages." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of*

The FLSA authorizes collective actions against employers accused of violating the FLSA. 29 U.S.C. § 216(b). Section 216(b) provides that "[a]n action ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Thus, to maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated. *See Anderson v. Cagle's,* 488 F.3d 945, 952 (11th Cir. 2007).

Participants in a § 216(b) collective action must affirmatively opt into the suit. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). That is, once a plaintiff files a complaint against an employer, any other similarly situated employees who want to join must affirmatively consent to be a party and file written consent with the court. *Albritton v. Cagle's,* 508 F.3d 1012, 1017 (11th Cir. 2007).

Because similarly situated employees must affirmatively opt into the litigation, the decision to certify the action, on its own, does not create a class of plaintiffs. Rather, the "existence of a collection action under § 216(b) ... depend[s] on the active participation of other plaintiffs." *Cameron–Grant v. Maxim Healthcare Servs. Inc.,* 347 F.3d 1240, 1249 (11th Cir.2003) ("Under § 216(b), the action does not become a 'collective' action unless other plaintiffs affirmatively opt into the class by giving written and filed consent."). The benefits of a collective action "depend on employees receiving accurate and timely notice ... so that they can make informed decisions about whether to participate." *See Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 170, 110 S. Ct. 482, 486, 107 L.Ed.2d 480 (1989). Therefore, the importance of certification, at the initial stage, is that it authorizes either the parties, or the court itself, to facilitate notice of the action to similarly situated employees. *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1218 (11th Cir. 2001). After being given notice, putative class members have the opportunity to opt-in. The action proceeds throughout discovery as a representative action for those who opt-in. *See id.*

The key to starting the motors of a collective action is a showing that there is a similarly situated group of employees. *See Anderson,* 488 F.3d at 953; *Hipp,* 252 F.3d at 1217.

---

*Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352 n.2 (11th Cir. 1982) (citing 29 U.S.C. § 216(b))

> ...
>
> While not requiring a rigid process for determining similarity, [the Eleventh Circuit] ha[s] sanctioned a two-stage procedure for district courts to effectively manage FLSA collective actions in the pretrial phase. The first step of whether a collective action should be certified is the notice stage. *Anderson,* 488 F.3d at 952–53; *Hipp,* 252 F.3d at 1218. Here, a district court determines whether other similarly situated employees should be notified…This first step is also referred to as conditional certification since the decision may be reexamined once the case is ready for trial. *Albritton,* 508 F.3d at 1014 (discussing *Hipp*'s first stage as "conditionally certifying the collective action"); *Anderson,* 488 F.3d at 952 (stating district court certified collective action, "but only conditionally," noting the possibility of later decertifying once discovery is substantially over).
>
> The second stage is triggered by an employer's motion for decertification. *Anderson,* 488 F.3d at 953. At this point, the district court has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity. *Id.* This second stage is less lenient, and the plaintiff bears a heavier burden.

*Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258–61 (11th Cir. 2008) (footnotes omitted).  Fitzwater's present motion invokes the two-stage procedure described above and moves for stage-one conditional certification of the following putative class: "All current and former employees of Big Mike's Steakhouse for whom Defendants claimed a 'tip credit' by paying them a direct hourly wage of less than $7.25 per hour for any work week since September 10, 2015." (Doc. 31 at 1).

In response, the Defendants point out that in April 2018, after Fitzwater filed this action on March 21, 2018, but before the Defendants were served with the complaint in late May and early June, *compare* (Doc. 1) *with* (Docs. 6 – 12, 15), the Wage and Hour Division of the U.S. Department of Labor ("DOL")

initiated an audit of the Defendants' payroll practices. (*See* Doc. 35 at 3). The DOL issued its determinations to the Defendants on August 22, 2018, "including a settlement demand requiring payment of back wages and other elements of compensation, including properly calculated overtime and other elements of compensation, to all current and former employees, with the sole exception of Plaintiff Fitzwater. The Agency's determination and settlement demand included loss of Defendants' 'tip credit' due to a tip pooling arrangement that was deemed not compliant with the FSLA." (*Id.*). The DOL did not assess liquidated damages after determining no willful conduct on the part of the Defendants. (*Id.* at 4). Fitzwater was excluded from the DOL's payment compensation roster due to the DOL's policy of not representing employees who are represented by counsel and have claims pending in court. (*Id.*). The roster did include former employee Carlissa Phillips (*id.*), to date the only opt-in plaintiff (*see* Doc. 33).

The Defendants assert that they have agreed to pay the DOL's settlement demand for all current and former employees on the compensation roster and have transmitted settlement payments "to all current and former employees with the exception of Plaintiff Fitzwater and Ms. Carlissa Phillips." (Doc. 35 at 5). The Defendants request that the Court exercise its inherent power to control its docket by staying this case to allow for the DOL settlement process to conclude. In reply, Fitzwater opposes the request for a stay.

Briefing on the present motion closed after October 4, 2018 (*see* Doc. 34). In their supplemental response, filed November 19, 2018, the Defendants further represent that as of that date, of the 69 employees to whom the DOL directed

notice of the settlement proceedings, settlement payments have been distributed to all 69 employees, 68 out of the 69 have accepted the settlement payments, and 64 of the 68 who accepted payments have returned executed WH-58 form claim releases.[2] [3]

"[U]nder [28 U.S.C.] section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). "For there to be a valid waiver section 216(c) simply requires (a) that the employee agree to accept the payment which the Secretary determines to be due and (b) that there be 'payment in full.'

---

[2] "A WH–58 is a standard form used by the DOL to inform an employee that, although he has the right to file suit under 29 U.S.C. § 216(b), acceptance of the back wages offered will result in waiver of those rights. The DOL can either authorize an employer to use the WH–58 *or* authorize other waiver language." *Niland v. Delta Recycling Corp.*, 377 F.3d 1244, 1248 (11th Cir. 2004) (per curiam) (citing 29 C.F.R. § 516.2(b)(2) ("Every employer who makes retroactive payment of wages or compensation under the supervision of the Administrator of the Wage and Hour Division pursuant to section 16(c) and/or section 17 of the Act, shall…(2) Prepare a report of each such payment on a receipt form provided by or authorized by the Wage and Hour Division, and (i) preserve a copy as part of the records, (ii) deliver a copy to the employee, and (iii) file the original, as evidence of payment by the employer and receipt by the employee, with the Administrator or an authorized representative within 10 days after payment is made.")).

[3] The Defendants represent that one employee "has relocated out of state and could not be located." (Doc. 48 at 2).

" *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).[4]

The Defendants do not argue against application of the two-stage procedure outlined in *Morgan*, nor do they attempt to rebut Fitzwater's evidence and argument that there is a putative class of "similarly situated employees." Indeed, by arguing for allowing the DOL settlement proceedings, involving dozens of the Defendants' employees, to continue so as to resolve the claims at issue in this action, the Defendants tacitly concede that a putative class exists. Upon consideration, the undersigned finds it appropriate to conditionally certify a collective action with a putative class of "[a]ll current and former employees of Big Mike's Steakhouse for whom Defendants claimed a 'tip credit' by paying them a direct hourly wage of less than $7.25 per hour for any work week since September 10, 2015."[5]

---

[4] "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

[5] In making this determination, the undersigned has considered the Eleventh Circuit's guidance on the meaning of "similarly situated" set forth in *Morgan*, 551 F.3d at 1259-60. Moreover, the Eleventh Circuit "described the standard for determining similarity, at this initial stage, as 'not particularly stringent,' 'fairly lenient,' 'flexible,' 'not heavy,' and 'less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b),' " and has "noted that at the initial stage, courts apply a 'fairly lenient standard.' " *Id.* at 1260-61 (citations and alteration omitted). This Court's "broad discretion at the notice stage is thus constrained, to some extent, by the leniency of the standard for the exercise of that discretion." *Id.* at 1261. *See also Calderone v. Scott*, 838 F.3d 1101, 1104 (11th Cir. 2016) ("To maintain an opt-in collective action under § 216(b), plaintiffs must demonstrate that they are 'similarly situated.' At the certification stage, this requirement is not particularly stringent: opt-in plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." (citation and quotations omitted)).

Moreover, the undersigned finds that the pendency of the DOL's parallel settlement proceedings does not warrant a stay or denial of conditional certification. Nothing in the plain text of the FLSA suggests that a DOL-supervised settlement proceeding and a district court collective action cannot proceed at the same time,[6] and given that "[t]he broad remedial goal of the [collective action] statute should be enforced to the full extent of its terms[,]" *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989), the undersigned finds that the rights of the putative class will be best protected by allowing notice of this action to issue. Those who have not yet waived their right to bring a private action will be presented with an alternative to accepting the settlement proposed by the DOL (which no employee is required to accept), and Fitzgerald claims that "the DOL settlement omits an entire class of workers, whom the Named Plaintiff seeks to represent – that is, all workers who worked for Defendants more than two years ago but less than three years ago." (Doc. 36 at 3). Fitzgerald has also cited sufficient case law persuading the undersigned that whether a potential opt-in plaintiff has waived his or her right to seek redress under the FLSA in federal court by accepting a DOL settlement, and whether the settlement and waiver came about through adequate DOL supervision, are issues more appropriately addressed in a motion to dismiss and/or for summary

---

[6] On the other hand, the FLSA does explicitly provide that the "right ... to bring [a collective action] ... shall terminate upon the filing of a complaint by the Secretary ... in which a recovery is sought of unpaid minimum wages or unpaid overtime compensation. 29 U.S.C. § 216(b). *Also cf. Calderone v. Scott*, 838 F.3d 1101, 1104 (11th Cir. 2016) ("Our sister Circuits have ruled, and we agree, that the FLSA's plain text does not indicate that a collective action and a state-law class action cannot be maintained at the same time.").

judgment, and only in the event that person actually opts into this case, an event which might not even come to pass.

In accordance with the foregoing, the undersigned will, in due course after hearing from the parties at the telephonic follow-up scheduling conference set for November 29, 2018, at 2:30 p.m. (*see* Doc. 49), enter a separate order denying the Defendants' motion to stay, granting Fitzwater's motion for conditional certification, and setting forth additional appropriate provisions and instructions to effectuate notice.[7]

**DONE** this the 28th day of November 2018.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] The Defendants' motion to strike correctly observes that Fitzwater's response to the Defendants' supplement was not filed by the November 21 deadline to do so imposed on the record at the scheduling conference.  Because consideration of Fitzwater's response does not alter the conclusions reached herein, the motion to strike (Doc. 51) will be denied as moot by separate order.