# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WENDY FITZWATER </br>     Plaintiff, | ) </br> ) </br> ) |
| v. | ) CIVIL ACTION NO. 18-00137-N </br> ) |
| MIKE COLE, SR, et al., </br>     Defendants. | ) </br> ) |

## ORDER

For the reasons previously stated in the Court's Memorandum Opinion dated November 28, 2018 (Doc. 53) and in several telephonic conferences with counsel for the parties, the Defendants' motion to stay these proceedings (Doc. 35) is hereby **DENIED**, and "Motion for Expedited Court-Supervised Notice to the Putative Class and for Conditional Certification" (Doc. 31) filed by Plaintiff Wendy Fitzwater is hereby **GRANTED** as follows:[1]

1. The Court conditionally certifies, in the above-styled civil action, the following putative class under 29 U.S.C. § 216(b): "All current and former employees of Big Mike's Steakhouse for whom Defendants claimed a 'tip credit' by paying them a direct hourly wage of less than $7.25 per hour for any work week since September 10, 2015."

2. Fitzwater's counsel may notify all putative class members of this

---

[1] With the consent of the parties, this action has been referred to the undersigned Magistrate Judge to conduct all proceedings in this action, including trial; to order entry of final judgment; and to conduct all post-judgment proceedings, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 39, 42).

action and their ability to opt into it using Fitzwater's second amended form Notice of Collective Action (Doc. 61-1), but with a correction to section 4 changing "September 10, 2018" to "September 10, 2015." Fitzwater's counsel is authorized to send said notice to the putative class members via U.S. Mail and electronic mail, and is also authorized to post the notice on websites.[2]

3. No later than **December 27, 2018**, the Defendants shall provide to Fitzwater's counsel the following information about all putative class members, to the extent it is known by the Defendants, in an Excel spreadsheet with a row for each individual and a separate column for each field presented (or other format agreeable to Fitzwater): full name (last name, first name, and middle name); location(s) worked; current or last known home address (with a separate column for street address, city, state and zip code); all known e-mail addresses; all known telephone numbers; date of birth; last four digits of Social Security Number; dates of employment; and positions held.

4. All putative class members shall have until **April 1, 2019**, to opt into this action by returning to Fitzwater's counsel the form "Consent to Become Party Plaintiff" form attached to the approved Notice of

---

[2] Fitzwater also requests that the Court "appoint [her] counsel as class counsel…" (Doc. 32 at 21). While a court must do so for class actions under Federal Rule of Civil Procedure 23, see Fed. R. Civ. P. 23(g), the undersigned does not believe such a formal appointment is required for collective actions under 29 U.S.C. § 216(b).

Collective Action. However, any putative class members whose U.S. Mail notice is returned to counsel as undeliverable shall have until **May 1, 2019**, to return their notice. Consent forms returned to counsel by physical mailing will be deemed returned on the postmark date. Consent forms returned to counsel by other means (e.g., email, hand delivery, facsimile) will be deemed returned on the date they are received at Fitzwater's counsel's office.

5. No later than **May 13, 2019**, Fitzwater shall file with the Court, in a single document, (1) a list of the names of all putative class members who have timely returned consent forms, and (2) all timely returned consent forms.

**DONE** and **ORDERED** this the 12th day of December 2018.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**