IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WENDY FITZWATER, et al., ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 18-00137-N |
| ) | |
| MIKE COLE, SR, et al., ) | |
|     Defendants. ) | |

## ORDER

Previously, in this conditionally certified collective action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Court approved the parties' settlement of the Plaintiffs' claims for back wages and entered a modified stipulated judgment accordingly, in accordance with *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982). (See Docs. 100, 101).[1] That settlement left unresolved the issue of the Plaintiffs' attorneys' fees, costs, and expenses, and the Court set a deadline of January 31, 2020, for the Plaintiffs to file a post-judgment motion for same, which was later extended to February 7, 2020 on the joint motion of the parties. (*See* Docs. 100, 102, 103). Prior to the expiration of that deadline, the parties filed a joint motion to modify the judgment to include an agreed additional award of $75,000 to the Plaintiffs, consisting of $67,100.54 in attorneys' fees and $7,898.46 in costs and expenses. (Doc. 104).

---

[1] With the consent of the parties, the Court has referred this action to the undersigned Magistrate Judge to conduct all proceedings in this action, to order entry of final judgment, and to conduct all post-judgment proceedings, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 39, 42).

"Prevailing parties in FLSA suits are entitled to attorney's fees. The statute provides that '[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018) (per curiam) (unpublished). This is true even where the judgment is entered pursuant to a settlement of FLSA claims. *See Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 795 (11th Cir. 2013) (per curiam) (unpublished) ("[T]o be entitled to fees under the FLSA, a plaintiff must receive a judgment in her favor. Here, the district court plainly found that the settlement—which RAM admits included the full amount of back pay as well as an equal amount for liquidated damages—was reasonable, and by doing so, the district court entered a judgment in Wolff's favor." (citation and quotation omitted)). "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam) (unpublished). *See also United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("[T]he [FLSA] imposes on the errant employer the burden of financing plaintiff's case to the extent of court costs and a judicially determined reasonable rate of pay for plaintiff's counsel. The fact that the plaintiff has entered

into an agreement with the lawyers prosecuting the case does not impact on the statutory burden of the employer, as the latter must pay what the district court determines to be a reasonable rate.").

Upon consideration of the parties' representations in the present joint motion (Doc. 104) in conjunction with the undersigned's experience in presiding over this case, the undersigned finds the agreed additional award of attorneys' fees, costs, and expenses to be reasonable and adequate compensation for Plaintiffs' counsels' performance.[2] Moreover, this settlement of attorneys' fees, costs, and expenses does not taint the prior court-approved settlement of the Plaintiffs' FLSA back wage claims, which the parties represent have already been paid to all Plaintiffs by the Defendants.

Moreover, having reviewed the parties' proposed amended stipulated judgment (Doc. 104-1), the undersigned agrees to enter the proposed amended judgment as written, with the exception of a few non-substantive stylistic changes, and with the exception of the following line: "The Court furthers orders that Defendants shall pay the attorneys' fees, costs, and expenses to Plaintiffs' counsel

---

[2] The parties have agreed on the following hourly rates for the Plaintiffs' counsel and paralegals, which the undersigned finds to be reasonable in this case:

a. $350 for Charles P. Yezbak, III;

b. $325 for Daniel E. Arciniegas;

c. $250 for N. Chase Teeples; and

d. $90 for paralegals.

(Doc. 104, PageID.873).

within 30 days of the entry of this Amended Stipulated Judgment." First, an award of attorneys' fees, costs, and expenses under the FLSA belongs to the Plaintiffs. Therefore, the undersigned will not specifically direct that Plaintiffs' counsel be paid those amounts. Second, the undersigned finds that including a deadline for payment is more appropriately included in this order, rather than the judgment.

Accordingly, the parties' joint motion to modify the judgment (Doc. 104) is **GRANTED in part** and **DENIED in part**, in that the Court approves the parties' settlement of the Plaintiffs' attorneys' fees, costs, and expenses, and will hereafter enter the parties' proposed amended stipulated judgment as the amended judgment of the Court with the above-noted modification. The Defendants are **ORDERED** to pay the Plaintiffs the attorneys' fees, costs, and expenses awarded in that amended judgment within 30 days of the date of entry of the amended judgment, unless the parties agree to a later date.

All claims and causes of action in this case, having been settled, are hereby **DISMISSED with prejudice**.

**DONE** and **ORDERED** this the 10th day of February 2020.

    */s/ Katherine P. Nelson*
    **KATHERINE P. NELSON**
    **UNITED STATES MAGISTRATE JUDGE**